UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID; XENCARE SOFTWARE, INC., <br><br>　　　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>MICROSOFT CORPORATION, a Washington Corporation, <br><br>　　　　　　　　　　Defendant. | Wash. Superior Court, King County Case No. 19-2-02755-0 SEA <br><br>**NOTICE OF REMOVAL OF ACTION, UNDER 28 U.S.C. §§ 1331, 1338(A), 1338(B), 1441, 1446, AND 1454(A)** <br><br>COMPLAINT FILED:　JAN. 28, 2019 <br>SAC FILED:　　　　NOV. 20, 2023 <br><br>RELATED CASES: <br>2:19-CV-00130-RSM; 2:24-CV-448 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1454(a), defendant

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

1

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA 98121
206.337.6551

Microsoft Corporation (Microsoft), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of Washington, King County, to the United States District Court for the Western District of Washington at Seattle.  Microsoft states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On January 28, 2019, plaintiffs ATM Shafiqul Khalid ("Khalid") and Xencare Software, Inc. ("Xencare") (collectively, "Plaintiffs") filed an action against Microsoft in the Washington Superior Court, King County, entitled "ATM SHAFIQUL KHALID, an individual and on behalf of similarly situated, Xencare Software, Inc., Plaintiff, v. MICROSOFT CORPORATION, a Washington Corporation, One Redmond Way, Redmond, Washington, Defendant," case number 19-2-02755-0 SEA  ("*Khalid v. Microsoft*").

2. Attached hereto as **Exhibit A** is the operative complaint served on Microsoft in *Khalid v. Microsoft*, the Second Amended Complaint filed on November 20, 2023 (as corrected on November 30, 2023).

3. The Second Amended Complaint (SAC) alleges four causes of action: Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Washington Consumer Protection Act (RCWA 19.86.020), and Declaratory Judgment.[1] As alleged in the SAC, *Khalid v. Microsoft* is a case about whether Microsoft can claim ownership of three patents, U.S. Patent Nos. 8,286,219; 8,782,637; and 10,846,118 ("the Disputed Patents"), pursuant to an employment agreement between Microsoft and Khalid. Plaintiffs' Jury Request in that case is attached as **Exhibit B**.

---

[1] The Declaratory Judgment cause of action is pled as two separate counts (Counts IV and V).

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

2

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA  98121
206.337.6551

4. On March 15, 2024, Plaintiffs served two expert reports in *Khalid v. Microsoft* by W. Anthony Mason ("Mason") and Scott Cragun ("Cragun"). Those expert reports, for the very first time in the state court litigation, squarely alleged patent infringement by Microsoft as a source of liability in the state court action and requested over $500 million in patent royalty damages based on assumed infringement and validity of the Disputed Patents.

5. The Mason expert report opining that Microsoft (as well as Sony, Amazon, and Nvidia) infringes patents over which Plaintiffs claim ownership is attached as **Exhibit C.** Before being served with the Mason Report, Microsoft had no reason to know that Plaintiffs' state court breach of contract or related causes of action were dependent on federal patent infringement law as a basis for liability. This was also the first time it was clear that Plaintiffs are requesting that the jury find that Microsoft infringed claims of the Disputed Patents (without considering any patent defenses that Microsoft would be entitled to raise in the course of a patent infringement suit) in the course of rendering its verdict in *Khalid v. Microsoft*. Stated another way, Plaintiffs' expert reports make clear they seek to obtain damages for patent infringement (an exclusively federal claim) without having to prove infringement under 35 U.S.C. § 271. This claim is preempted by federal law, and is subject to the exclusive jurisdiction of federal courts.

6. The Cragun expert report is attached as **Exhibit D.** Before being served with the Cragun Report, Microsoft had no notice that Plaintiffs were seeking damages premised on a finding of infringement of valid patents by Microsoft.

7. Because ascertaining patent infringement under 35 U.S.C. § 271 was not previously necessary to resolve the issues in this case, the state court did not have a reason to construe the claims of the Disputed Patents or ascertain whether Microsoft infringes, nor can it under 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

3

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA 98121
206.337.6551

over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."). As such, Microsoft will not have any opportunity to fairly develop its defenses in state court, including that the Disputed Patents are not infringed under 35 U.S.C. § 282(b)(1).  Further, no fact discovery has been taken on patent infringement claims or defenses, and no expert discovery has been taken on these issues, aside from the newly-filed expert reports assuming that Microsoft infringes the patents over which Plaintiff claims exclusive ownership, and seeking damages on that basis.

8. These same newly filed expert reports additionally seek damages against Microsoft based on alleged infringement of the Disputed Patents by non-party corporations Amazon, Sony, and Nvidia.  Those third parties' rights to defend their products against allegations of infringement, including through the required claims construction process, have not—and cannot—be adjudicated by the state court in *Khalid v. Microsoft*.  Yet these forward-looking patent claims are likely to be influenced by any patent infringement findings made by the state court in this action.

9. On April 3, 2024, Microsoft filed a Complaint for Declaratory Judgment in this Court, Case No. 2:24-cv-448, seeking a declaration of non-infringement as to the Disputed Patents, ("Declaratory Judgment Action"). Microsoft intends to seek relation, coordination, and/or consolidation of this case with the Declaratory Judgment Action.

## JURISDICTION AND AUTHORITY FOR REMOVAL

10. To assess whether Microsoft (and other non-party corporations in follow-on cases) in fact infringe the Disputed Patents, the parties would need to engage in discovery related to the proper construction of the claims at issue, and the court would need to engage in claim construction of the Disputed Patents. Any claim construction in *Khalid v. Microsoft* could potentially have a res judicata effect not only on litigation

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

4

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA  98121
206.337.6551

brought by or against Microsoft, but also in future cases alleging that non-parties Sony, Amazon, or Nvidia infringe the Disputed Patents.

11. Plaintiffs contend, through the Mason Report and Cragun Report, that Microsoft and other non-party corporations in fact infringe one or more claims of the Disputed Patents. Accordingly, the court and/or jury in *Khalid v. Microsoft* would also have to compare every limitation set forth in each of the asserted claims to the features of the accused products, methods, or systems to assess these infringement claims. This analysis could have a res judicata effect on future litigation with Microsoft and could inform future cases alleging that non-parties infringe the claims of the Disputed Patents.[2]

12. This removal is timely under 28 U.S.C. §§ 1446(b)(3), as removal is taken fewer than 30 days after Microsoft ascertained that the case became removable (on March 15, 2024 when, for the first time, Plaintiffs put Microsoft on notice that their case relied on a necessary finding of patent infringement against Microsoft and that other non-party corporations were believed to infringe as well).

13. This Court has original jurisdiction over Count I (the Washington Consumer Protection Act), Count II (breach of contract), and Count III (breach of good faith and fair dealing) in this action under 28 U.S.C. 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1454(a) as the Plaintiffs in *Khalid v. Microsoft* assert claims for relief arising under federal patent law. In addition, this Court has jurisdiction over Count I under 28 U.S.C. § 1338(b)( "[t]he district courts shall have original jurisdiction of any civil action

---

[2] The state court *Khalid v. Microsoft* litigation has not afforded Microsoft the opportunity to assert any defenses against patent infringement; no discovery has been taken on patent issues and any findings regarding patent infringement defenses are also likely to impact future cases related to the Disputed Patents as against allegedly infringing companies not party to this litigation.

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

5

**BRADLEY BERNSTEIN SANDS LLP**
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA 98121
206.337.6551

asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws"), because the Washington Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." (RCWA 19.86.020.)

14. This Court also has supplemental jurisdiction over Counts IV and V (declaratory judgment) under 28 U.S.C. § 1441 because those causes of action are so related to Counts I-III that they form part of the same case or controversy under Article III of the United States Constitution. 28. U.S.C. § 1367. Counts IV and V seek declaratory judgment as to aspects of the very contract that forms the basis for Counts I-III, and resolution of those counts relies on interpretation of that contract.

15. The newly-filed expert reports, in seeking damages against Microsoft for alleged infringement by non-party corporations Amazon, Sony, and Nvidia "raise the real world potential for subsequently arising infringement suits affecting other parties" *Jang v. Bos. Sci. Corp.*, 767 F.3d 1334, 1337 (Fed. Cir. 2014), and therefore should be adjudicated in federal—not state— court.

16. Under disputes like this one, in which Plaintiffs seek state court resolution of underlying issues of infringement, there exists the strong possibility that the patentee would file suits alleging infringement by others and could risk inconsistent judgments.

17. Jurisdiction over such contractual disputes to avoid such conflicting rulings is important to "the federal system as a whole" and not merely "to the particular parties in the immediate suit." *Gunn v. Minton*, 568 U.S. 251, 260, 133 S. Ct. 1059, 1066, 185 L. Ed. 2d 72 (2013).

18. The Western District of Washington, at Seattle, encompasses King County, Washington. All parties to the underlying state court action are residents of Washington State, and reside or have their principal place of business in King County.

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

6

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA  98121
206.337.6551

## NOTICE TO PLAINTIFF AND SUPERIOR COURT OF REMOVAL OF CIVIL ACTION

19. Microsoft will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court for King County, pursuant to 28 U.S.C. § 1446(d).

Dated: April 3, 2024

    s/Heidi B Bradley
Heidi B. Bradley, WSBA No. 35759
BRADLEY BERNSTEIN SANDS LLP
2800 First Avenue, Suite 326
Seattle, WA 98121
206-337-6551
hbradley@bradleybernstein.com

Erin Bernstein*

Gina Elliott*

BRADLEY BERNSTEIN SANDS LLP
3911 Harrison St., Suite 100
Oakland, CA 94611
ebernstein@bradleybernstein.com
gelliott@bradleybernstein.com

  * Applications for Admission Pro Hac Vice Forthcoming

*Attorneys for Defendant Microsoft Corp.*

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

7

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA  98121
206.337.6551

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024, I electronically served the foregoing on the following participants:

ATM Shafiqul Khalid (atmkhalid@gmail.com)
17446 NE 28th St.
Redmond, WA 98052
(425)445-7157

Mark Walters (walters@lowegrahamjones.com)
Mitchell West (west@lowegrahamjones.com)
Lowe Graham Jones
1325 Fourth Ave. Suite 1130
Seattle, WA 98101

Executed on the 3rd day of April 2024, at Seattle, Washington.

*s/ Heidi B. Bradley*
Heidi B. Bradley, WSBA No. 35759
Bradley Bernstein Sands LLP
2800 First Avenue, Suite 326
Seattle, WA  98121
Telephone:  206.337-6551
E-mail: hbradley@bradleybernstein.com

Attorneys for Defendant Microsoft Corp.

NOTICE OF REMOVAL
*MICROSOFT CORP. V. KHALID, ET AL.*
CASE NO. _____

8

BRADLEY BERNSTEIN SANDS LLP
2800 FIRST AVENUE, SUITE 326
SEATTLE, WA  98121
206.337.6551