THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID; XENCARE SOFTWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington Corporation, <br><br> Defendant. | Case No. 2:24-cv-00449 <br><br> **PLAINTIFFS' MOTION FOR REMAND PURSUANT TO 28 U.S.C. § 1447(c)** <br><br> NOTED ON MOTION CALENDAR: MAY 3, 2024 |

## I.     INTRODUCTION

Plaintiffs, ATM Shafiqul Khalid and Xencare Software, Inc. ("Plaintiffs" or "Khalid") hereby move for an order remanding this case to state court pursuant to 28 U.S.C. § 1447(c). Plaintiffs also seek an award of "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Id.*

Remand is required because this case has been pending for more than five years and as explained further below, Defendant Microsoft Corporation ("Microsoft") has known about Khalid's damages theory based on lost patent licensing revenues since the case was filed in 2019. Microsoft's reliance on expert reports served March 15, 2024, calculating those damages is merely a pretext for removal and an improper attempt to delay the trial,

**PLAINTIFFS' MOTION FOR REMAND** - 1
No. 24-cv-00449

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

which was set for May 20, 2024, and to avoid a forthcoming ruling on Khalid's dispositive motion on liability.

If Microsoft believed any of Khalid's claims "arise under" federal patent law (they do not), its remedy was to file a dispositive motion based on preemption in Superior Court or to seek an order limiting or excluding portions of Khalid's damages case. None of that happened. Instead, Microsoft removed the case to disrupt the orderly resolution of Khalid's claims.

Additionally, this court lacks subject matter jurisdiction. This is not a diversity case and none of Khalid's claims arise under federal law.

Accordingly, Khalid seeks remand under § 1447(c) and his fees and costs because no basis existed in good faith for Microsoft's removal.

## II.     FACTUAL BACKGROUND[1]

This case was filed pro se in 2019 asserting claims related to Microsoft's contention that it owns three patents issued to Khalid, U.S. Patent Nos. 8,286,219 ("the '219 Patent"), 8,782,637 ("the '637 Patent") and 10,846,118 ("the '118 Patent") (collectively "the Disputed Patents"). After the case was dismissed on a CR 12(b)(6) motion, Khalid appealed. On October 12, 2020, the Court of Appeals reversed as to "one claim arising under the CPA, his claims for breach of contract and breach of implied covenant of good faith and fair dealing, and his UDJA requests for declaratory relief as it relates to the ownership of his patents and the contractual right of first refusal." *Khalid v. Microsoft Corp.*, No. 80508-8-I, 2020 Wash. App. LEXIS 2669, at *33 (Ct. App. Oct. 12, 2020).

---

[1] All facts are based on the Declaration of counsel, Mark P. Walters, in Support of Motion for Remand ("Walters Decl.") and exhibits thereto filed contemporaneously with this motion.

PLAINTIFFS' MOTION FOR REMAND - 2
No. 24-cv-00449

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Relevant here, Khalid's original complaint, filed January 28, 2019, alleged that Microsoft's improper claims to own the Disputed Patents harmed Khalid's "IP licensing and/or incubation business" which business involved "efforts to … license developed technologies, [sic] to others." (Walters Decl., ¶2 and Ex. A.) This same allegation was carried over into Khalid's second amended complaint filed November 20, 2023. (*Id.* at Ex. B, ¶3.)

Khalid handled this case pro se until undersigned counsel appeared on September 28, 2023, to assist his efforts to complete discovery, prepare the case for trial, and to conduct the trial. (*Id.* at ¶4.) Since counsel appeared for Khalid, the parties have produced thousands of pages of relevant documents, taken several depositions, briefed and argued cross-motions for summary judgment, and declared the case ready for trial pursuant to King County local civil rules. (*Id.* at ¶5 and Ex. C.) The parties' Joint Statement of Trial Readiness was filed on March 29, 2024, just four days prior to Microsoft's removal. (*Id.*) The case was set for trial on May 20, 2024, and parties were awaiting a ruling on cross-motions for summary judgment when Microsoft filed its notice of removal. (*Id.*)

On September 18, 2023, Plaintiffs served a supplemental witness disclosure pursuant to King County local civil rules. This disclosure identified both Tony Mason[2] and Scott Cragun as experts and included a summary of their expected testimony. (*Id.* at ¶8.) Khalid disclosed testimony from Tony Mason about "[h]ow critical [the Dispute Patents] are to Microsoft's products" and "how those patents are related to other products like the Sony Play Station console." (*Id.* at Ex. E.) For both Mr. Mason and Scott Cragun, Khalid

---

[2] A substantially similar disclosure was made by Khalid as to Mr. Mason's expected testimony on March 20, 2023 (Walters Decl. at ¶9 and Exhibit F.)

PLAINTIFFS' MOTION FOR REMAND - 3
No. 24-cv-00449



LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

disclosed that each would testify as to "items related to damages" including testimony related to (1) a document Khalid called "Damage Model Washington State Court," (2) a document called "Claim Chart Explaining how Xbox One and Windows-10 is infringing US patent No. 8,782,637, 10,846,118, and 8,286,219," and (3) a document called "Claim Chart Explaining how Sony PlayStation is infringing US patent No. 8,782,637, 10,846,118, and 8,286,219." (*Id.* at ¶10 and Exs. E-F.)

The first document referenced in the September 2023 disclosures for witnesses Mason and Cragun, "Damage Model Washington State Court," was served on March 20, 2023, and it disclosed in detail one of Khalid's damages theories based on "a hypothetical licensing negotiation model where Khalid would have earned [a] fair royalty from his inventions" but for Microsoft's wrongful conduct. (*Id.* at ¶10.) The next two documents were claim charts mapping the elements of several claims of US Patent Nos. 8,782,637 and 10,846,118 onto Microsoft's Xbox One product and Sony's Play Station PS4 product. (*Id.*) The disclosure for Microsoft also included a claim chart mapping the elements of Claim 1 of U.S. 8,286,219 onto Microsoft's Windows 10 S-mode product. (*Id.*)

The parties conducted a mediation on February 8, 2024, and in connection with this, Plaintiffs provided a draft report from its expert Tony Mason. (*Id.* at ¶11 and Ex. G.) Plaintiffs' mediation statement also included preliminary damages calculations from Scott Cragun, including a calculation for "[d]amages based on per-unit license received by Microsoft as a result of improper ownership claims" to the Disputed Patents. (*Id.*)

### III.   ARGUMENT AND AUTHORITY

#### A.   Legal Standard

The Ninth Circuit "strictly construes the removal statute against removal

PLAINTIFFS' MOTION FOR REMAND - 4
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

The defendant has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

According to 28 U.S.C § 1446(b), defendants must file a "notice of removal . . . within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is appropriate. *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994) (holding untimely a company's notice of removal when it came more than a year after the company became aware of the nature of plaintiffs' claims).

**B.     Khalid's Claims do Not Arise Under Patent Law; This Court Lacks Subject Matter Jurisdiction.**

As its jurisdictional basis for removal, Microsoft cites 28 U.S.C. § 1331 (federal question) and § 1338(a) (original jurisdiction for claims "arising under any Act of Congress relating to patents") and § 1338(b) (original jurisdiction for any claims "asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws"). (Dkt. No. 1 at 1.) No other basis for federal jurisdiction is alleged by Microsoft, such as for example, diversity jurisdiction under

PLAINTIFFS' MOTION FOR REMAND - 5
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

§ 1332. (*Id.*) Nor could diversity be alleged in this case because all parties reside in Washington state.

Nowhere in its notice of removal does Microsoft address its asserted basis for federal jurisdiction. (Dkt. No. 1.) Instead, Microsoft states in conclusory fashion that expert reports served March 15, 2024, "squarely alleged patent infringement by Microsoft as a source of liability in the state court litigation." (*Id.* at 3.) But neither of the expert reports allege patent infringement. (*See id.* at 36-76.) Instead, Mr. Mason's opinion describes the technology claimed in the '637 and '118 patents, explaining its value to Microsoft's business and the business of several other companies. (*Id.* at 40-42.) Scott Cragun then calculates the expected licensing revenue from this technology that, but for Microsoft's wrongful claim to own the Disputed Patents, Khalid would have received. (*Id.* at 61-75.) Importantly, damage based on lost licensing revenue (i.e., "lost royalties") was but one of several alternative damage calculations disclosed by Khalid within the report of Mr. Cragun. (*Id.* at 62, ¶20.) Mr. Cragun also proposed calculations based on "lost enterprise value, lost compensation, and Microsoft's unjust enrichment." (*Id.*)

Regardless, Microsoft's reliance on statements made by Khalid's experts as the basis for alleging federal subject matter jurisdiction is obviously misplaced. "'The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Recinos v. Buttes Homeowners Ass'n*, No. 3:23-cv-05780-LK, 2023 U.S. Dist. LEXIS 164502, at *3 (W.D. Wash. Sep. 15, 2023) (quoting *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002)). Thus, to the extent Microsoft looks for federal jurisdiction within disclosures by

PLAINTIFFS' MOTION FOR REMAND - 6
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Khalid's experts, it is looking in the wrong place. To ascertain whether federal jurisdiction exists, the Court must analyze the elements of each cause of action pleaded in Khalid's complaint. *Id.*

An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). "It is well settled that if the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one 'arising under' the patent laws." *Jim Arnold Corp. v. Hydrotech Sys.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997).

When a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which federal question jurisdiction still exists. *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 699, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006). Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

Here, Khalid's claims do not arise under federal law in a traditional sense because all are based on Washington state law. *Jim* Arnold, 109 F.3d at 1572. Instead, Microsoft appears to allege that Khalid's claims fall within that "special and small category" of cases in which federal question jurisdiction exists over a claim based on state law. *Empire*, 547 U.S. at 699. The operative question then becomes whether Khalid's complaint raises a claim involving a federal issue meeting the four-part test from *Grable*. "Where all four *Grable* requirements are met, jurisdiction is proper because there is a 'serious federal interest in

PLAINTIFFS' MOTION FOR REMAND - 7
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *IGT v. Acres*, No. 2:22-cv-02134-RFB-EJY, 2023 U.S. Dist. LEXIS 169893, at *11 (D. Nev. Sep. 25, 2023) (quoting *Grable*, 545 U.S. at 313).

Applying the first element of the *Grable* test, none of Khalid's claims "necessarily raise" a federal issue. Courts should not treat the mere allegation of a "federal issue" as "a password opening federal courts to any state action embracing a point of federal law." *Grable* 545 U.S. at 314. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* A federal issue is necessarily raised if it is "basic," "necessary," "pivotal," "direct," or "essential" to the claim. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003).

Here, Microsoft contends "Plaintiffs' state court breach of contract or related causes of action [are] dependent on federal patent infringement law as a basis for liability." (Dkt. No. 1 at 3, ¶5.) No analysis supports this contention and even a quick review of the elements of Khalid's causes of action refutes it. All of Khalid's claims stem from a breach by Microsoft of an employment agreement, pursuant to which Khalid excluded the Disputed Patents by disclosing them on a list submitted prior to his employment in 2011.[3] (Walters

---

[3] Remarkably, Microsoft lost this list by deleting the email of one of its employees, Shannon Carlsen, whose email was supposed to be preserved as part of a "litigation hold." The last two pages of Tony Mason's expert report address this issue, analyzing the email headers from Khalid's electronic evidence to conclude that he did, in fact, submit the list despite Microsoft's claims to the contrary made in 2015 and 2016, which damaged Kahlid and his business Xencare. (Dkt. No. 1 at 47-48.)

PLAINTIFFS' MOTION FOR REMAND - 8
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Decl., Ex. B, ¶¶78-97.) A finding of patent infringement is not "basic," "necessary," "pivotal," "direct," or "essential" to any of Khalid's claims for liability. *Lippitt*, 340 F.3d at 1045. Indeed, Microsoft's claims to own the Disputed Patents calls Khalid's standing to file an infringement suit into question, thus preventing him from enforcing the patents until the ownership question is resolved. *Jim Arnold*, 109 F.3d at 1577. Accordingly, there can be no finding of infringement by any court until the ownership question is resolved. *Id.*

Moreover, Khalid can prove damage any number of ways, none of which require a finding of patent infringement by Microsoft or any other company. In this sense, Khalid's case is no different from any other alleging breach of an agreement and damages measured by the value of lost licensing revenues. *Corbis Corp. v. Stone*, No. 64505-6-I, 2012 Wash. App. LEXIS 719, at *33 (Ct. App. Mar. 26, 2012) (affirming $9.28 million jury award for expected revenue from lost patent revenues.).

This case is like *IGT* where the U.S. District Court in Arizona granted remand pursuant to § 1447 in September last year. *See* 2023 U.S. Dist. LEXIS 169893 at *25. The defendant in *IGT*, an inventor and business owner, removed a case asserting breach of his employment agreement and breach of a contract assigning rights to one of his patents to the Plaintiff. *Id.* at *14-15. The assignment at issue had a clause requiring the defendant to "do everything possible to aid Assignee, its successors and assigns to obtain and enforce proper patent protection" in the assigned patent. *Id.* The employment agreement created similar obligations on the defendant: "to assist his Employer (Plaintiff AGI) in every way in obtaining and/or enforcement of its Intellectual Property." *Id.* at 17-18. The plaintiff had alleged in state court that the defendant beached his agreements when he (1) forced reexamination of a patent and (2) sought to limit the scope or invalidate the intellectual

PLAINTIFFS' MOTION FOR REMAND - 9
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

property that he transferred through an assignment. *Id.* at *15.

Like this case, there was no basis for federal diversity jurisdiction in *IGT*, so the defendant alleged the existence of a federal question based on patent law. *Id.* at *12. The defendant alleged a federal issue because whether the patent was valid would determine the scope of Plaintiffs' damages and because the court would be required to determine the scope of the patent's claims in resolving a defense based on the doctrine of assignor estoppel. *Id.* at *16 and *19. Rejecting those arguments, the *IGT* court found Plaintiff's claims "do not necessarily raise issues of federal patent law" because regardless of the validity of the patent Mr. Acres had a duty "to protect the invention and AGI's rights therein." *Id.* at *17. This was true, the court reasoned, even if findings on invalidity made in federal court (in a co-pending action for declaratory relief) might affect the scope damages allowable in state court. *Id.* a * 20 ("While it is true that Plaintiffs' damages claim may possibly (but not necessarily) be affected by this Court's determination regarding the '263 patent, this by no means makes it a necessary element of Plaintiffs' cause of action.").

Likewise, here, none of Khalid's claims "necessarily raise" a federal issue because damages may be determined in any number of ways that do not involve construing the claims of the Disputed Patents or making a finding that Microsoft or any other company infringed them.

But even if Khalid's claims did "necessarily raise" a federal issue, federal jurisdiction would fail under the third prong of the *Grable* test because they are not "substantial." 545 U.S. at 313-314. The substantiality requirement "looks … to the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 259-60, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013).

No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

In *Gunn*, the Supreme Court explained whether a patent law issue would have changed the result in a prior infringement action was critical to establishing a legal malpractice claim; this, however, was a hypothetical and backward-looking federal issue, that, when resolved, would not have "broader significance" in terms of its application to other cases or federal interests. *Id.* at 261-62. Thus, even though the patent issues involved in the case were "vitally important" to the parties, to confer jurisdiction, "something more, demonstrating that the question is significant to the federal system as a whole, is needed" before a claim based on state law "arises under" the Patent Act. *Id.* at 263-64.

Here, the outcome of the state law claims will not alter the *status* of Khalid's patents or any party that may infringe them. *Alphonse v. Waller*, No. 22-CV-347 JLS (DEB), 2022 U.S. Dist. LEXIS 113571, at *9 (S.D. Cal. June 27, 2022) (granting motion to remand state law claims because "while damage is a necessary element of Plaintiff's claims, that damage need not take the form of a patent found to be invalid in a court of law"). The state law claims are based on contracts creating obligations beyond and outside of the scope of patentability, regardless of what Khalid believes may be infringing the intellectual property improperly clouded by Microsoft's claims to own the Disputed Patents. Even if resolution of whether Microsoft or others infringe the patents may affect the scope of damages in the state court action, "this is a far cry from meeting the substantiality requirement under *Grable* and *Gunn*." *IGT*, 2023 U.S. Dist. LEXIS 169893, at *24.

Finally, in the absence of a substantial federal issue, "*Grable*'s fourth requirement [regarding the appropriate balance between federal and state judicial responsibilities] is also not met." *Id.* (citing *Gunn*, 568 U.S. at 264). Because Microsoft cannot satisfy all four requirements of "arising under" jurisdiction, this Court does not have subject matter

PLAINTIFFS' MOTION FOR REMAND - 11
No. 24-cv-00449

LOWE GRAHAM JONES⸕

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

jurisdiction over this case pursuant to 28 U.S.C. § 1338(a) or (b).

### C. Even if the Court had Subject Matter Jurisdiction, Khalid's Claims are Not Removable.

Even if Microsoft had alleged a proper basis for the Court's subject matter jurisdiction, none of Khalid's claims are removable. Section "1446(b) lays out two pathways for removal." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021) First, under 28 U.S.C.S. § 1446(b)(1) "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." 28 U.S. Code § 1446(b)(1). And only if the initial pleading did not set forth any grounds for removal, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S. Code § 1446(b)(2)(C). Under the second pathway to removal, the Ninth Circuit applies the "unequivocally clear and certain" standard for determining when the removal clock begins under § 1446(b)(3). *Dietrich,* 14 F.4th at 1095. The purpose of the standard is to "bring[] certainty and predictability to the process" and "avoid[] gamesmanship in pleading." *Id.* at 1094.

Here, even if Microsoft is correct that Khalid's expert reports served March 15, 2024, disclosed "damages premised on a finding of infringement of valid patents by Microsoft" (Dkt. No. 1 at 3, ¶ 6), Microsoft was on notice that Khalid alleged harm to his "IP licensing and/or incubation business" which business involved "efforts to … license

PLAINTIFFS' MOTION FOR REMAND - 12
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

developed technologies, [sic] to others" from Khalid's initial complaint filed in 2019. (Walters Decl. at Ex. A, ¶¶27 and 33.) In the context of these lost opportunities to license the Disputed Patents, Khalid alleged that "Microsoft Xbox One product infringes claim 1, 4, and 20 of US patent 8,782,637." (*Id.* ¶ 55.) And that "[a] nominal 1% royalty would set infringement value to $4 billion that Microsoft fraudulently tried to get access to." (*Id.* at ¶54.) Each of these allegations was carried over into Khalid's second amended complaint filed November 20, 2023. (*Id.* at Ex. B, ¶¶28, 34, 56 and 57.) Accordingly, even if Khalid's expert reports served March 15, 2024, could accurately be described as "seeking damages premised on a finding of infringement of valid patents by Microsoft" then Microsoft was on notice through Khalid's initial complaint of allegations that do not differ in any material way.

Moreover, Khalid's March 20, 2023, supplemental witness disclosure explained that Mr. Mason and Mr. Cragun would offer testimony in reference to documents Khalid served on March 20, 2023, one entitled "Damage Model Washington State Court" and two claim charts. (*Id.* at ¶10 and Ex. F.) The referenced claim charts map the elements of several claims of U.S. Patent Nos. 8,782,637 and 10,846,118 onto Microsoft's Xbox One product and Sony's Play Station PS4 product. The claim chart for Microsoft also mapped the elements of Claim 1 of U.S. 8,286,219 onto Microsoft's Windows 10 S-mode product. (*Id.* ¶ 10.) Then on February 8, 2024, in connection with mediation, Khalid provided a preliminary report from its expert Tony Mason that does not differ in any way material to this issue from the one served on March 15, 2024. (*Id.* Ex. G.) Khalid's February 2024 mediation statement also included preliminary damages calculations from Scott Cragun, including a calculation for "[d]amages based on per-unit license received by Microsoft as a

PLAINTIFFS' MOTION FOR REMAND - 13
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

result of improper ownership claims" to the Disputed Patents because "Microsoft has essentially enjoyed a license under Khalid's patents without remuneration to Khalid." (*Id.* ¶11.) *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (holding that a settlement demand may provide notice of removability). The damages calculations disclosed during mediation were alleged because "Microsoft's breach resulted in damage to Khalid's patent term for at least the '219, '637, and '118 patents, as he was unable to license or enforce these while Microsoft maintained its improper ownership claims, which effectively clouded Khalid's title and deprived him of the benefit of the entire patent term, beginning in February 2015." (Walters Decl. at ¶11.) In short, Khalid has not obscured the fact that his damages theories will consider the value of lost patent licensing revenues. His initial complaint and subsequent disclosures in discovery made this "unequivocally clear and certain" months, if not years prior to Microsoft's removal. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) (requiring "a clear statement of the damages sought or . . . [a] paper set[ting] forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation" for removal based on diversity jurisdiction); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) (requiring a paper that explicitly specifies the amount of monetary damages sought for removal based on diversity jurisdiction). There is nothing in the expert reports served March 15, 2024, more informative as to Microsoft's stated basis for removability than what Microsoft already new months, if not years earlier.

Through the disclosures made on March 20, 2023, and February 8, 2024, Khalid stated essentially the same facts Microsoft claims put it on notice that that "Plaintiffs were seeking damages premised on a finding of infringement of valid patents by Microsoft."

PLAINTIFFS' MOTION FOR REMAND - 14
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Therefore, at the very latest, Microsoft needed to file a notice of removal by March 11, 2024—within 30 days of Khalid's February 8, 2024, mediation-related disclosures. Instead, Microsoft filed its notice of removal on April 3, 2024. Given the April 5, 2024, pretrial conference, it appears Microsoft's notice of removal was not motivated by Khalid's expert disclosures, but the approaching pre-trial conference scheduled for April 5, 2024, the pending motions for summary judgment, and the related trial scheduled for May 20, 2024. (Walters Decl. at ¶6.) In fact, the morning following Microsoft's afterhours filing of its removal notice, counsel for Microsoft contacted chambers to ensure the Court would not rule on the pending motions for summary judgement. (*Id.* at Ex. H.)

### D. The Court Should Award Khalid his Attorney's Fees and Costs

The evidence shows that Microsoft's notice of removal was filed in bad faith. There is simply no basis for federal subject matter jurisdiction, and even if there was, Microsoft has known about this for years. The Court may award fees under either 28 U.S.C. § 1447 or Fed. R. Civ. P. 11. *Kerbs v. Safeco Ins. Co. of Ill.*, No. C11-1642 MJP, 2011 U.S. Dist. LEXIS 138318, at *16 (W.D. Wash. Dec. 1, 2011).

An award of fees and costs under 28 U.S.C. § 1447 is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 708, 163 L. Ed. 2d 547 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* Fees should be granted under § 1447 where "the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

In this case, Microsoft clearly "lacked an objectively reasonable basis for seeking removal." *Id.* First, as explained above, there is absolutely no basis for Microsoft alleging subject matter jurisdiction, and Microsoft's attempts to do so misrepresent the content of

PLAINTIFFS' MOTION FOR REMAND - 15
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

the expert reports, neither of which "allege patent infringement" by Microsoft. And even if one assumes as true Microsoft's allegation that "Plaintiffs were seeking damages premised on a finding of infringement of valid patents by Microsoft," then Microsoft was on notice of those grounds through Khalid's initial complaint which alleged damage to his patent-licensing business and Khalid's belief that Microsoft was infringing the Disputed Patents. (Walters Decl. Ex. A at ¶¶27, 33, 54 and 55.) Finally, even if these expert reports could be relied upon to provide a basis for Microsoft to allege federal subject matter jurisdiction, Microsoft has been on notice as to the general subject matter of this expert testimony since March 2023, and a draft report from Tony Mason not differing in any way relevant to this issue was provided to Microsoft on February 8, 2024. (*Id.* at Exs. E, F, and G.)

The Supreme Court has explained, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Fees are also appropriate pursuant to Rule 11 when removal was presented for the improper purpose of causing delay that unnecessarily increased the costs of litigation. *See* Fed. R. Civ. P. 11(b)(1).

Here, the timing of Microsoft's notice is incredibly late and premised entirely on allegations in expert reports that were apparent to Microsoft since Khalid's initial complaint. (Walters Decl. ¶¶ 2-3.) Microsoft filed its notice of removal just four days after declaring the case "ready for trial" in accordance with King County local rules on March 28, 2024. And Microsoft's notice of removal was filed just two days prior to a scheduled pretrial conference on April 5, 2024. Finally, the parties had briefed and argued cross

PLAINTIFFS' MOTION FOR REMAND - 16
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

motions for summary judgment and were awaiting the Court's ruling. (*Id.* ¶¶5-7.) Microsoft's concern about a possible adverse ruling on Khalid's motion for summary judgment is apparent from its counsel's email to Judge Roger's bailiff on April 4, 2024, alerting chambers to the removal so the Court would take no further action on Khalid's dispositive motion. (*Id.* Ex. H.)

Removal in bad faith to delay trial and avoid adverse rulings in state court should not be condoned. *Kerbs*, 2011 U.S. Dist. LEXIS 138318, at *16. Microsoft's bad faith removal here is very similar to the one at issue in *Kerbs*. There, Judge Pechman rejected a Defendant's attempt to remove a case on the eve of trial and granted the plaintiff costs and fees finding the Defendant's "reasons for removal to be both dilatory and diversionary." *Id.* The Court should make the same finding here. No good faith basis existed for Microsoft to remove this case when it did, and the removal notice had the practical effect of delaying trial and continuing Khalid's harm.

### IV.   CONCLUSION

For the aforementioned reasons, this matter should be remanded to King County Superior Court and costs and fees should be awarded to Khalid.

///
///
///
///
///
///
///
///

PLAINTIFFS' MOTION FOR REMAND - 17
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Dated this 11th of April 2024.

I certify that this memorandum contains 4,858 words, in compliance with the Local Civil Rules.

Lowe Graham Jones PLLC

*[signature: Mark P. Walters]*

Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
*Walters@LoweGrahamJones.com*
*West@LowegrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

**PLAINTIFFS' MOTION FOR REMAND** - 18
No. 24-cv-00449

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

I, Rischel Voigt, hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system and/or electronic mail on April 11, 2024.

By: */s/ Rischel Voigt*
Rischel Voigt, Paralegal

PLAINTIFFS' MOTION FOR REMAND - 19
No. 24-cv-00449

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301